## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ZURN INDUSTRIES, LLC,**<br>**as Successor in Interest to**<br>**Zurn Industries, Inc.,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**ALLSTATE INSURANCE COMPANY,**<br>**individually and as successor in interest**<br>**to Northbrook Excess and Surplus**<br>**Insurance Company (formerly**<br>**Northbrook Insurance Company),** *et al.***,**<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)  **Case No. 1:18-cv-299-SPB**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

On November 20, 2018, this Court entered an Order directing Counsel for First State Insurance Company and New England Insurance Company (collectively, "Hartford") to confer with counsel for Zurn Industries, LLC ("Zurn") and thereafter submit to the Court a proposed plan for expedited discovery relative to the issue of whether Travelers has exhausted its obligations under the Aetna 1983-85 Policy, thereby triggering Hartford's defense and indemnity obligations. ECF Nos. 65, 66. On December, 11, 2018, Zurn and Hartford submitted their proposed schedule for expedited discovery. ECF No. 77. Among other things, the plan contemplates that: (a) written discovery would be served by December 21, 2018, (b) responses to written discovery would be served by January 25, 2019, and (c) discovery, including depositions, would be completed by March 26, 2019, and dispositive motions on the issue of exhaustion would be due by April 25, 2019. *Id.*

On December 12, 2018, Travelers filed a memorandum in which it expressed concern that it might not be able to comply with written discovery requests within the timeframe contemplated by the Zurn/Hartford plan, especially if discovery requests involve production of Travelers' claims files. ECF No. 78. At the same time, Travelers has declined to proposed an alternative time frame in the absence of actual written discovery because, it submits, it cannot accurately assess the time required to fully comply with discovery requests that it has not yet seen. In light of the foregoing considerations,

IT IS HEREBY ORDERED, this 20th Day of December, 2018, that the parties shall exchange their pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) on or before January 3, 2019.

IT IS FURTHER ORDERED that the parties shall serve written discovery on the issue of the exhaustion of Travelers' 1983-85 policies on or before January 3, 2019. At the case management conference scheduled for January 15, 2019, 11:00 a.m., the Court will address with counsel an appropriate timeframe for the completion of expedited discovery and related motions practice on the issue of exhaustion.

/s/ Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge