IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZURN INDUSTRIES, LLC, as Successor in )
Interest to Zurn Industries, Inc., )
) Civil Action No. 1:18-cv-00299-SPB
Plaintiff, )
)
v. ) ELECTRONICALLY FILED
)
ALLSTATE INSURANCE COMPANY, )
individually and as successor in interest to )
Northbrook Excess and Surplus Insurance )
Company (formerly Northbrook Insurance )
Company); TRAVELERS CASUALTY AND )
SURETY COMPANY, individually and as )
successor in interest to the Aetna Casualty and )
Surety Company); FIRST STATE INSURANCE )
COMPANY; NEW ENGLAND INSURANCE )
COMPANY, )
)
Defendants. )

**PROPOSED STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by the Court.

**Proceedings and Information Governed**

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information, or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Protective Order, as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information**

2. For purposes of this Protective Order:

a. The "Confidential Information" designation shall mean that the document or testimony is comprised of 1) trade secrets or confidential or proprietary business plans, policies, practices, forecasts, information or data; 2) sensitive commercial, financial, customer, personnel or personal information; 3) materials relating to underlying asbestos suits protected by attorney-client privilege, work product privilege, or otherwise required to be kept confidential; 4) confidential settlement agreements; 5) other information required by law or agreement to be kept confidential; and/or 6) information the public disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

b. Confidential Information does not include, and this Protective Order shall not apply to, information that is 1) already in the knowledge or possession of the receiving party unless that party is already bound not to disclose such information by agreement, law, or otherwise; 2) information that has been disclosed to the public or third persons in a manner making such information no longer confidential; 3) obtained from sources outside of discovery in this case; and/or 4) lawfully acquired by the receiving party independent of the producing party.

3. Confidential Information may be designated in the following manner.

   a. Documents and things produced during the course of this litigation within the scope of paragraph 2.a above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

   **CONFIDENTIAL**

   b. In the event that documents are produced for inspection, they shall all by default be deemed Confidential Information until the producing party has the opportunity to review any of those documents that will be scanned or copied and request that the formal designation indicated above be added to those scans or copies.

   c. A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, the transcript or portions thereof that are to be designated as Confidential Information. If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Confidential Information), the entire deposition will be considered devoid of Confidential Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

   d. It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow

110426690

access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate Information as Confidential and Inadvertent Production of Privileged Information**

4. The inadvertent failure to designate any information, documents, or testimony as Confidential Information will not be deemed to waive a later claim as to their confidential nature, or to stop the producing party from designating such information as Confidential Information within thirty (30) days after being made aware of the inadvertent production. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

5. The provisions of LCvR 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

6. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

**Challenge to Designations**

7. A designating party bears the burden of proving designation is proper. A receiving party may, in good faith, challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, and after the conference required under Fed. R. Civ. P. 37(a)(1) and Local Rule 37.1, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information**

8. Information designated as Confidential Information may only be used for purposes of the parties' investigation and evaluation of coverage in connection with the underlying asbestos claims, this action, any related appellate proceeding, any related mediation, arbitration, or any attendant reinsurance claim or retrocessional claims related to the claims at issue in this action.

9. Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order:

   a. employees and claims-handling agents and/or administrators of the receiving party who are involved in the handling of the underlying asbestos claims and/or provide assistance in the conduct of this action, including any settlement discussions;

    b. former employees and claims-handling agents and/or administrators of the receiving party who were involved in the handling of the underlying asbestos claims and/or are needed to provide assistance in the conduct of this action;

    c. in-house counsel of the receiving party;

    d. outside counsel for the receiving party, their associated attorneys, and employees of counsel who are involved in the prosecution or defense of this action;

    e. supporting personnel employed by (a), (b) and (c), such as paralegals, legal secretaries, data entry clerks, and legal clerks;

    f. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is only furnished, shown, or disclosed to such expert witnesses or consultants in accordance with Paragraph 10 hereof;

    g. trial and deposition witnesses;

    h. any mediator who is assigned to hear this matter, and his/her staff;

    i. any special master who is assigned to hear this matter, and his/her staff;

    j. any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

    k. persons or entities to whom a party in this action has a contractual, legal or regulatory obligation to provide Confidential Information, including such governmental authorities responsible for business regulation or taxation, and the insurers, reinsurers, reinsurance intermediaries, regulators, retrocessionaires, accountants and auditors;

    l. the Court, jury and other judicial officers and court personnel.

10. The Parties shall be responsible for the adherence by expert witnesses or consultants to the terms and conditions of this Protective Order. The Parties may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit A.

## **Non-Party Information**

11. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

## **Filing Documents With the Court**

12. In the event that any party wishes to submit Confidential Information to the Court, such party

110426690

shall follow the procedures prescribed by the Court, including obtaining leave of Court prior to filing any documents under seal pursuant to Local Rule 5.2.

**No Prejudice**

13. Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to object to the admissibility of any information or material; (d) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (e) prejudice the rights of a party to apply to the Court for further protective orders; or (f) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Action**

14. At the conclusion of this action any party or natural person that maintains Confidential Information shall do so in compliance with the terms of this Protective Order.

15. At the conclusion of this action, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "CONFIDENTIAL" shall be maintained as Confidential Information and subject to the parties' respective document retention/destruction policies. Furthermore, within ninety (90) days of the conclusion of this action, and the expiration or exhaustion of all rights of appeal, each party shall request its retained experts, consultants and vendors destroy or return all Confidential Information in their possession, including copies, prints, summaries and other reproductions thereof, to counsel for the requesting party. Within thirty (30) days thereafter, said experts, consultants and vendors shall destroy or return such Confidential Information to counsel for the requesting party. Any party may request or require a certification from the experts, consultants and vendors confirming the destruction of such documents.

**Other Proceedings**

16. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated as Confidential Information pursuant to this Protective Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Unauthorized or Inadvertent Disclosure of Confidential Information**

17. In the event of a disclosure of any Confidential Information to any person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure shall immediately notify counsel for the producing party whose Confidential Information has been disclosed. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Confidential Information. All remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

18. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Protective Order.

So Ordered.

March 6, 2019
Date

_____
Hon. Susan Paradise Baxter
United States District Judge

110426690

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZURN INDUSTRIES, LLC, as Successor in Interest to Zurn Industries, Inc., <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, et al. <br><br> Defendants. | ) <br> ) <br> ) Civil Action No. 1:18-cv-00299-SPB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**EXHIBIT A TO CONFIDENTIALITY AND PROTECTIVE ORDER**

**AGREEMENT CONCERNING INFORMATION CONVERED BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality and Protective Order (the "Order") entered in the above-entitled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents, materials and information subject to the Order. I agree not to disclose documents, information, photographs or video that have been designated as "Confidential" and disclosed to me and not to disclose such documents, information, photographs or videos to any person or entity not authorized under the Order to view Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 20__.

_____
Name

_____
Address

_____
Employer

_____
Job Title