IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZURN INDUSTRIES, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.: 1:18-CV-299-SPB |
| | : | |
| ALLSTATE INSURANCE COMPANY, et al. | : | Honorable Susan Paradise Baxter |
| | : | |
| Defendants. | : | |

**AMERICAN HOME ASSURANCE COMPANY'S MOTION REQUESTING THE COURT TO DIRECT FINAL JUDGMENT PURSUANT TO F.R.C.P. 54(b) ON THE PARTIES' CLAIMS AS TO DEFENSE COVERAGE UNDER ITS POLICY**

American Home Assurance Company ("American Home") respectfully moves this Honorable Court for entry of final judgment pursuant to F.R.C.P 54(b) on discrete claims asserted by American Home; by plaintiff, Zurn Industries, LLC ("Zurn"); and by defendants First State Insurance Company and New England Insurance Company (collectively "Hartford"), raised by those parties in the 2020-2021 dispositive motion practice, and decided by this Court's Orders and Opinion filed on October 1, 2021: whether American Home owes defense coverage to Zurn.[1]

---

[1] The subject Orders as they relate to American Home may be appealable interlocutory orders under 28 U.S.C. §1292(a)(1) and related jurisprudence (*Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660 (3d Cir. 2016)). American Home thus may file a notice of appeal from the Orders. Such appeal would immediately confer jurisdiction to the Court of Appeals and divest this Court of its control over those aspects of the case involved in the appeal. *Id.*, at 673, n.7 American Home nevertheless files this Motion and supporting Brief prior to any such notice of appeal so that, in the event the Court of Appeals remands the matter without ruling on the merits, this timely-filed Motion may then be considered by this Court.

Zurn's defense coverage claim against American Home was made in Count VI, Paragraph 186 of its Amended Complaint:

> 186. Zurn claims that American Home has a duty to defend Zurn in the Asbestos Suits and American Home must pay defense costs in addition to the limits of liability of the American Home Policy.

ECF no. 176, p. 26.

Hartford's defense coverage claim against American Home was made in its Third Claim for Relief, Paragraph 58 in its Amended Cross-Claim, Counterclaim and Third-Party Complaint:

> 58. Hartford seeks a judicial determination as to whether and, if so, to what extent Hartford and the other Insurers [including American Home] are obligated under their Policies to defend Zurn or to reimburse it for defense costs incurred in connection with the Underlying Lawsuits.

ECF no. 175, p. 13.

American Home's defense coverage claim was made in Count II, Paragraph 14 of its Counterclaim and Crossclaims:

> 14. Answering Defendants [including American Home] seek a judicial determination as to whether and, if so, to what extent, they and the other Defendants herein are obligated under their respective Policies to defend Zurn and/or to reimburse it for defense costs incurred in connection with the Asbestos Suits.

ECF no. 188, p. 15.

In October 2020, Zurn moved for partial summary judgment seeking a number of declarations, including one on its discrete claim for defense against American Home ("Zurn specifically seeks judgment … declaring that … American Home … must pay defense costs incurred in asbestos suits in addition to the limits of liability …."). ECF no. 218, p.1. Defendant Hartford moved for the same declaration on the same defense coverage issue. ECF no. 240, pp. 1-2. And American Home simultaneously moved for partial summary judgment seeking the opposite declaration on the same issue: "that neither defense nor reimbursement for defense costs for the

65982219.1                                                                                        Page 2 of 4

underlying asbestos claims that are the subject of Plaintiff's Amended Complaint is owed under American Home policy no. SCLE 80-65386." ECF no. 237, p. 1.

The Court addressed and decided the American Home defense coverage issue in its Orders (ECF nos. 410, 412 and 413) filed on October 1, 2021, and in its Opinion of the same date (ECF no. 414):

> … the Court concludes, as a matter of law, that American Home has the duty to indemnify Zurn's defense costs under the terms of the American Home 1974-1977 [policy]. Moreover, the policy requires that defense costs be paid separate and apart from the indemnity limits.

ECF no. 414, p. 31.

Rule 54(b) ("JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES") provides: "When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  For the reasons discussed in American Home's accompanying Brief, the parties' pleadings requesting declarations as to defense owed, or not owed, under the American Home policy, and the Court's Orders and Opinion adjudicating the parties' competing cross-motions on that issue, address related, discrete "claims" as contemplated by Rule 54(b).  Moreover, and again for the reasons discussed in the accompanying Brief, there is no just reason to delay entry of final judgment on these claims asserted and decided against American Home.  On the contrary, American Home may suffer substantial prejudice if it is unable to appeal the Court's Orders until disposition of additional, or all other, issues encompassed by this litigation.  Indeed, fewer than three weeks after the Court's Orders and Opinion were filed, and clearly in reliance upon the Court's decision on this defense

coverage issue, Zurn demanded for the first time (ever) that American Home "start paying" under its policy. See Ex. 1 attached hereto.

For these and the additional reasons set forth in the accompanying Brief, American Home respectfully requests the Court to direct entry of final judgment pursuant to Rule 54(b) on its Orders nos. 410 (as it relates to American Home), 412 and 413 (as it relates to American Home) deciding the parties' competing claims and motions for partial summary judgment as to the issue of defense coverage owed to Zurn by American Home for the underlying asbestos suits.

Respectfully submitted,

By:    /s/ Ralph J. Luongo
Ralph J. Luongo
Attorney I.D. No. 40336
Gavin Fung
Attorney I.D. No. 318709
Kennedys CMK, LLP
1600 Market Street, Suite 1410
Philadelphia, PA  19103
(267) 479-6740 (*phone*)
(267) 479-6710 (*fax*)
Ralph.Luongo@kennedyslaw.com
Gavin.Fung@kennedyslaw.com

Attorneys for American Home Assurance Company